## DANIEL J. SEARING v. WILLIAM TYE.

Where the plaintiff, a carman, had for many years enjoyed the patronage of a particular firm, and had actually the exclusive control and direction of all their cartage and the profits thereof, and, by the consent of such firm, permitted the defendant to join him, do half the work and take half the employment; *held*, that such permission was in the nature of a transfer of a good will.

*Held*, further, that although the plaintiff had no legal right to the continuance of the patronage of such firm; yet, that the probability of its continuance under the circumstances stated—followed, as the arrangement was, by an actual participation by the defendant in the business from that time onward—formed a sufficient consideration for promissory notes given by the defendant to the plaintiff for permitting him to share the business and the profits thereof.

ACTION by the payee against the maker of two promissory notes, given under the circumstances detailed in the opinion. The case came up on the defendant's appeal, from a judgment rendered in the plaintiff's favor, by the Marine Court.

*Rensselaer Tenbroeck* and *Henry D. Vanorden*, for the defendant.

*Joseph Husson*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—It appears, by the proofs given on the trial, that the plaintiff had been for many years in the employment of Mr. Schenck, as carman. That the business of Schenck's store was so great, that the plaintiff, who owned the horses and carts, was in the habit of employing other drivers to assist him, which rendered his situation there a profitable one, but requiring more labor than he alone could perform. That he had no agreement with Schenck, under which he could assert any legal or equitable claim to a continuance of his patronage, but only an expectation, founded

on his past experience and the friendly regard of Mr. Schenck, that such patronage would be continued to him.

Under these circumstances, he inquired of Mr. Schenck whether he had any objection to let the defendant work, and have half the work of the store, to which Schenck replied, that he had not. Mr. Schenck testifies, that he understood that a mere kindness was intended towards the defendant; but it does not appear that the plaintiff represented that he did not intend to charge the defendant for what he esteemed a privilege.

Thereupon the plaintiff sold to the defendant a horse, cart and harness, and what he calls his right to half the work, for $525. It does not appear so clearly that we can say, on appeal, that the court ought so to have found that the plaintiff made any misrepresentations, or the defendant made any inquiries in regard to the nature or extent of what the plaintiff called his " right to one half of his work at the store."

The most that we can say, is, (I think,) that the defendant made a foolish bargain; and yet it is not entirely clear, that considering the chances of a continued patronage, and the result of the purchase and introduction to the business, it was not a wise arrangement.

The transaction partook of the character of a sale of the good will of a business. That is always a good consideration, and yet a mere good will does not include a title to the patronage of any one; it consists in the probability that the customers at a particular place will continue to resort to the same place.

The plaintiff had had the practical control of the cartage of the store for many years—not a title thereto as against Mr. Schenck, but its actual enjoyment by his permission; he had a reasonable expectation of its continued enjoyment, founded in the probability that the same state of things would still continue. He obtained Schenck's consent to his sharing the business with the plaintiff, and thereupon made the sale and received the notes in question; and the defendant entered upon the business, and has enjoyed the patronage which the

parties had in view down to the present time. It may be that the defendant paid too much, or that he acted unwisely in making no inquiry regarding the tenure of the plaintiff's occupation, or, what seems to me by far the most probable, he may have known, from the very nature of the employment, that he was only purchasing the chance of the continuance of Mr. Schenck's good will. Be all this as it may, it cannot, I think, be said, that the probability he thus purchased, and the relinquishment actually made to him by the plaintiff to his own immediate prejudice, were worth nothing.

He has enjoyed the fruits of his own voluntary arrangement. The defendant relinquished to him the good will which he had long enjoyed, with the chances of its continuance, and it appears to me that this is a sufficient consideration to sustain the promissory notes of which this was in part the consideration.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs.